Bank of N.Y. Mellon v Dyer (2019 NY Slip Op 04124)





Bank of N.Y. Mellon v Dyer


2019 NY Slip Op 04124


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-04449
 (Index No. 709016/14)

[*1]Bank of New York Mellon, etc., respondent,
v
Cleveland L. Dyer, et al., defendants, Bronx 26, LLC, appellant.


Zimmerman Law, P.C., Huntington Station, NY (Naomi Trainer of counsel), for appellant.
Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Bronx 26, LLC, appeals from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered May 1, 2017. The order, upon a decision of the same court entered April 18, 2017, granted the plaintiff's motion for leave to amend the summons and complaint to add as a defendant Bronx 26, LLC, and to deem the supplemental summons and amended complaint served upon all the defendants, and denied the cross motion of the defendant Bronx 26, LLC, pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against it for lack of personal jurisdiction. The notice of appeal from the decision is deemed to be a notice of appeal from the order (see CPLR 5512[a]).
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion for leave to amend the summons and complaint to add as a defendant Bronx 26, LLC, and to deem the supplemental summons and amended complaint served upon all the defendants is denied, the cross motion of the defendant Bronx 26, LLC, pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against it for lack of personal jurisdiction is granted, and the decision entered April 18, 2017, is vacated.
The plaintiff commenced this mortgage foreclosure action by filing a summons, notice, and complaint with the Supreme Court, Queens County on November 25, 2014. On December 2, 2014, the plaintiff filed a supplemental summons, notice, and amended complaint, adding Bronx 26, LLC (hereinafter Bronx 26), as a defendant. The plaintiff did not serve Bronx 26. On May 2, 2016, the plaintiff moved to add Bronx 26 as a defendant, and to deem a supplemental summons and amended complaint served upon service of the court's order deciding the plaintiff's motion. Bronx 26 cross-moved pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against it for lack of personal jurisdiction. In an order entered May 1, 2017, the Supreme Court granted the plaintiff's motion and denied Bronx 26's cross motion. Bronx 26 appeals.
We agree with Bronx 26 that the Supreme Court should have granted its cross motion [*2]pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against it for lack of personal jurisdiction, as the plaintiff conceded that it never served this defendant (see CPLR 306-b, 3211[a][8]; Cooper v Thao, 162 AD3d 980, 981). Although CPLR 306-b provides a mechanism by which a plaintiff may obtain an extension of the time to serve a defendant, the plaintiff here did not move for or request such relief (see CPLR 306-b; DeMartino v Harris, 167 AD3d 568, 569; cf. Pinzon v IKEA N.Y., LLC, 163 AD3d 733, 734). As for the relief that the plaintiff did request, i.e., leave to add Bronx 26, the plaintiff had already added Bronx 26 as a defendant as of right more than one year earlier. Thus, this branch of the plaintiff's motion should have been denied as academic. As for the second branch of the plaintiff's motion, i.e., to deem Bronx 26 and all other defendants served with the supplemental summons and amended complaint along with the court's order deciding the plaintiff's motion, such service would have been untimely (see CPLR 306-b). In its cross motion, Bronx 26 challenged the lack of service and the plaintiff's failure to seek an extension of time for service, and the plaintiff did not seek an extension of time for service. Thus, in any event, Bronx 26 would be entitled to dismissal of the amended complaint insofar as asserted against it for lack of personal jurisdiction (see CPLR 306-b, 3211[a][8]; Cooper v Thao, 162 AD3d at 981).
Accordingly, we reverse the Supreme Court's order, deny the plaintiff's motion, grant Bronx 26's cross motion, and vacate the decision entered April 18, 2017.
AUSTIN, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court